UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                          Chapter 7 Case #: 19-43699-ess

    NAIMAT ULLAH

                      Debtor
-------------------------------------------------------X
JANET GRADY                                                          Judge Elizabeth S. Stong

                      Plaintiff
                                                            Adv. Proc. #:_____
    -against-

NAIMAT ULLAH

                      Defendant
-------------------------------------------------------X

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. SECTION 523(a)(2)

    Plaintiff-Creditor, Janet Grady, by her attorney, Richard S. Feinsilver, Esq., alleges for her complaint against Defendant-Debtor, Naimat Ullah, as follows:

JURISDICTION

    1. On June 15, 2019, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York.

    2. On or about July 25, 2019, the Debtor's duly-noticed meeting of creditors was held pursuant to Section 341(a) of the Bankruptcy Code (the "Section 341 Meeting").

    3. Based upon the foregoing, the deadline for Plaintiff to commence an adversary proceeding to determine dischargeability is September 23, 2019.

4. This is an adversary proceeding in which Plaintiff-Creditor is seeking a determination as to the dischargeability of the debt owed by the Debtor to plaintiff under 11 U.S.C. § 523(a)(2).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C.§ 523. Venue is proper in this district pursuant to 28 U.S.C. Section 1408 and 1409(a).

6. This case is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O).

## THE PARTIES

7. Plaintiff-Creditor Janet Grady is an individual and resides in Flushing, New York.

8. Defendant Naimat Ullah is an individual, the debtor in the above captioned case, and resides in Flushing, New York.

## BACKGROUND

9. Upon information and belief, on or before September 26, 2017, Defendant represented to the Plaintiff that he was, or had previously been the owner of three (3) separate and distinct food truck businesses.

10. Upon information and belief, Plaintiff was searching for and interested in opportunities to enter the food truck industry

11. Upon information and belief, on or about September 26, 2017, the parties entered into an agreement wherein the Defendant requested from Plaintiff and Plaintiff agreed to invest the sum of $61,000.00 in a food truck business the Defendant promised to open and operate commencing March, 2018.

12. Upon information and belief, in consideration of the Plaintiff's investment in the sum of $61,000.00, Defendant and Plaintiff would be equal partners in the food truck business.

13. Upon information and belief, Plaintiff paid the $61,000.00 to the Defendant as follows:  a) check in the sum of $10,000.00; b) check in the sum of $25,000.00; c) check in the sum of $25,000.00; and cash in the sum of $1,000.00.

14. Upon information and belief, Defendant represented to Plaintiff that the $61,000.00 would be used to purchase a food truck and related business equipment so that the business would become operational on or before March, 2018.

15. Upon information and belief, Plaintiff relied on the representations of the Defendant and performed all obligations she had pursuant to the agreement by and between the parties.

16. Upon information and belief, Defendant never purchased a food truck nor opened the any related business into which Plaintiff agreed to invest $61,000.00.

17. Upon information and belief, at the Defendant's Section 341 meeting he testified under oath that he did not purchase the food truck or invest the subject monies in any related business, and instead used the funds to pay for his personal obligations..

18. Upon information and belief, based upon the foregoing, Defendant fraudulently converted the sum of $61,000.00 from the Plaintiff and using said sum for his own personal use and not for purpose for which Plaintiff delivered the funds to him.

19. Although Plaintiff has duly demanded from Defendant that he return the entire $61,000.00 previously provided to him by Plaintiff, to date, Defendant has only returned the sum of $2,500.00.

20. As a consequence of the foregoing, on or about January 2019, Plaintiff commenced an action in the Supreme Court for the State of New York, County of Queens to recover the subject funds from Defendant citing various causes of action, including fraud and conversion.

21. The prosecution of the State Court action was stayed by the filing of the underlying Chapter 7 Petition.

### FIRST CLAIM FOR RELIEF
### NON-DISCHARGEABILITY OF PLAINTIFF'S CLAIM
### UNDER SECTION 523(a){2} OF THE BANKRUPTCY CODE

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21 of this Complaint as if set forth at length herein.

23. 11 U.S.C. Section 523(a) (2) provides, in relevant part, that:

"(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
(B) use of a statement in writing—
    (I) that is materially false;
    (ii) respecting the debtor's or an insider's financial condition;

   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
   (iv) that the debtor caused to be made or published with intent to deceive;..."

  24..  Upon information and belief, at all times herein, Defendant was aware that he did not meet the qualifications to be granted a food vending license by the City of New York.

  25.  At no time did Defendant disclose the foregoing to Plaintiff, and in fact, on numerous occasions, represented to Plaintiff that he would qualify for the requisite license.

  26.  Defendant's numerous misrepresentations to Plaintiff were false when made and known by Defendant to be false when made.

  27.  Defendant made the misrepresentations to Plaintiff solely to induce her to enter into an agreement to be partners in the food truck business to enable him to convert the $61,000.00 which is the subject of this action for his own personal use.  Further, Defendant herein acted in total disregard of the rights of the Plaintiff and exhibited conduct that was morally culpable, fraudulent, deceitful and designed to defraud Plaintiff.

  28..  Defendant acted deliberately, intentionally, wrongfully and without just cause and/or excuse to cause financial damage to Plaintiff by converting the subject monies for his own personal use.

  29.  Defendant's liability to Plaintiff arises from actions in which he willfully and intentionally misappropriated the subject monies under the badges of false pretenses and actual fraud.

  30.  Based upon the foregoing, all or part of the debt owed by Defendant to Plaintiff is non-dischargeable because it is a debt resulting from the willful and intentional misappropriation of the subject monies under the badges of false pretenses and actual fraud within the meaning of 11 U.S.C. Section 523(a)(2).

WHEREFORE, Plaintiff demands judgment determining that the Plaintiff's claim against Defendant is non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2), that this Court grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: September 22, 2019
      Carle Place, New York

s/Richard S. Feinsilver
Richard S. Feinsilver, Esq.
Attorney for Plaintiff
One Old Country Road, Suite 125
Carle Place, New York 11514
516-873-6330

To: Abdul Razzaq Ghuman Esq.
    169-12 Hillside Avenue, 2nd Floor
    Jamaica NY 11432